IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | CR-S-06-0161 -LKK |
| vs. | | |
| ALBERT LAMAR JUSTICE , | | ORDER RE DISCOVERY AND EXHIBITS |
| Defendant. | | |
| _____/ | | |

    In all criminal cases to be heard by the undersigned, it shall be the duty of the parties that, upon request, discovery shall be made without unreasonable delay.  In performing this duty:

    1.    The parties shall sequentially number all pages of the discovery that are copied and supplied to the other side so that during trial all parties may refer to the sequential number of the page.

    2.    The party making discovery shall make reasonable efforts to insure that the pages of discovery that are copied and supplied to the other side are delivered in the order in which they appear in the original file, and, if fastened in the original file, that they are fastened in the same order when delivered.

    This duty extends to documents obtained from outside organizations or companies.  That is, if the document has been obtained from an outside organization, it is the duty of the party making discovery to exercise reasonable care to insure that it is able to supply a copy of the document in the form and sequence

in which the original is maintained.  This duty will be deemed to be discharged -- insofar as it obligates any party to insure that the recipient of a subpoena produces documents in the form and sequence in which the originals are maintained -- if the subpoena directs that the integrity of the order be maintained, including segregation of the documents by fastening or other form of distinguishing between documents as they are maintained in the original file.

When making discovery, a party supplied copied pages shall convey its efforts relative to insuring the integrity of the documents, but acknowledge that the only way to be certain that the documents are in proper order is by examining the original file.

All counsel are required to make reasonable efforts to insure access to the originals when requested.

3.      In any trial in which the government proposes to introduce twenty (20) or more documents in its case-in-chief, it shall, not later than two (2) court days before trial, tender to the defendant(s) a binder containing the premarked documents in the approximate order in which it expects to introduce them.

4.      In any trial in which a defendant proposes to introduce twenty (20) or more documents in his, her or its case-in-chief, defense counsel shall, not later than two (2) court days before trial, tender to the government a binder containing the premarked documents in the approximate order in which it expects to introduce them.

5.      Any party intending to introduce twenty (20) or more documents at trial shall, on the first day of trial, present to the court a binder containing the premarked documents in the approximate order in which it expects to introduce them.

A violation of this order may result in the imposition of sanctions including, but not limited to, monetary sanctions, the exclusion of evidence, or the striking of testimony or documents.

IT IS SO ORDERED.

DATED: April 20, 2006                    /s/ *Lawrence K. Karlton*
                                         LAWRENCE K. KARLTON
                                         CHIEF JUDGE EMERITUS